

## Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 10, 1996

The Honorable David Brabham
Gregg County Criminal District Attorney
101 East Methvin Street, Suite 333
Longview, Texas 75601

Opinion No. DM-372

Re: Whether a municipal court of record must impose court costs upon a juvenile offender who participates in a "teen court" program (RQ-761)

Dear Mr. Brabham:

You ask whether a municipal court of record must impose, upon a juvenile offender who participates in a "teen court" program pursuant to Code of Criminal Procedure ("code") article 45.55, any court costs other than the ten-dollar administrative fee that the court may impose under subsection (e) of that article. We believe that nothing in article 45.55 negates a court's obligation or discretion to impose court costs that are chargeable by other law, except that for offenses committed on or after September 1, 1995, the court is not required to charge any other court costs, but it may do so.

You contend that the provision in subsection (e) for a maximum ten-dollar fee that a justice or municipal court may require of a person who requests a teen court program operates to exclude the imposition of any other court costs. The first sentence of subsection (e) reads as follows: "The justice or municipal court may require a person who requests a teen court program to pay a fee not to exceed $10 that is set by the court to cover the costs of administering this article." The legislature thus expressed its intent that the ten-dollar fee is to cover the administrative costs of a teen court program under article 45.55, not to cover other court costs. Article 45.55 is silent as to the imposition of other court costs.

You further contend that this silence indicates legislative intent to disallow the imposition of any other costs of court on a person who requests a teen court program under article 45.55 because code article 45.54(1) expressly provides for the defendant's "payment of all court costs" as a condition to the court's authority to defer proceedings and grant probation under that article.[1] Your reasoning is that "[i]f the Legislature had

---

[1]Article 45.54(1) provides in pertinent part as follows: "On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, the justice may defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period not to exceed 180 days."

intended to assess court costs under Art. 45.55, it surely could have stated that requirement clearly, as it did in Art. 45.54(1)."

We do not believe this reasoning is correct. Costs in criminal cases generally are not collected until after they are assessed as part of the punishment, *see Ex parte Carson*, 159 S.W.2d 126, 129 (Tex. Crim. App. 1942); *see generally* Code Crim. Proc. ch. 102 (containing various provisions for costs payable by convicted defendant), so the purpose of the addition of the aforementioned language to article 45.54 is to specify that costs under that article must be paid *before or at the same time as* the court grants deferral and probation. *See* Attorney General Opinion JM-526 (1986) at 5. Thus, the presence of an express provision for payment of costs in article 45.54 has an independent significance that makes it unnecessary to make a strained inference that the legislature intended that costs not be chargeable in other articles where such a provision is absent.

A recent amendment to article 45.55 makes clear that the legislature did not intend to disallow the imposition of other costs of court on a person who requests a teen court program under article 45.55. The Seventy-fourth Legislature added a new subsection (g) to article 45.55, *see* Act of May 27, 1995, 74th Leg., R.S., ch. 598, § 1, 1995 Tex. Sess. Law Serv. 3436, 3436, which applies only to offenses committed on or after September 1, 1995, *id.* § 2, at 3436, the effective date of the statute, *id.* § 3, at 3436. This subsection (g)[2] provides as follows: "A justice or municipal court may exempt a defendant for whom proceedings are deferred under this article from the requirement to pay a court cost or fee that is imposed by another statute." *Id.* § 1, at 3436. This provision would be meaningless if other costs were not chargeable. Therefore, for offenses committed on or after September 1, 1995, the court *is not required to* charge any other court costs, but it *may* do so.

Finally, you question whether the imposition of any court costs under article 45.55 would be constitutional in light of Attorney General Opinion JM-1124. In that opinion we held that another statutory provision, section 2 of the Seventy-first Legislature's Senate Bill 1085, Act of May 28, 1989, 71st Leg., R.S., ch. 347, 1989 Tex. Gen. Laws 1316,

---

[2]The Seventy-fourth Legislature, in a separate statute, also added another subsection (g), which provides as follows:

> In addition to the fee authorized by Subsection (e) of this article, the court may require a child who requests a teen court program to pay a $10 fee to cover the cost to the teen court for performing its duties under this article. The court shall pay the fee to the teen court program, and the teen court program must account to the court for the receipt and disbursal of the fee. A child who pays a fee under this subsection is not entitled to a refund of the fee, regardless of whether the child successfully completes the teen court program.

Act of May 27, 1995, 74th Leg., R.S., ch. 748, § 2, 1995 Tex. Sess. Law Serv. 3885, 3885. This provision applies only to offenses committed on or after September 1, 1995, the effective date of the statute. *Id.* § 3, at 3885-86.

1317, was unconstitutional as applied to V.T.C.S. article 6701d, section 143A(a)(1), which grants discretion to a court to defer criminal proceedings without the necessity of a plea, a judgment, or an application for deferral by the defendant. Attorney General Opinion JM-1124 (1989) at 6-7. In that opinion we explained the constitutional problem with Senate Bill 1085 as follows:

> Under Senate Bill 1085 a person may be considered convicted where the "court defers final disposition of the case." [Act of May 28, 1989, 71st Leg., R.S., ch. 347, § 2, 1989 Tex. Gen. Laws. 1316, 1317.] If applied to subsection (a)(1) of section 143A of article 6701d, the result would be that a judgment reflecting guilt of the defendant would be entered without the defendant having received any semblance of a trial. Instead, under subsection (a)(1) the court merely defers proceedings to allow the defendant time to complete a driving safety course. No plea is required nor is there any adjudication of guilt or entry of judgment. We believe that to allow court costs to be assessed upon the basis of a statutory assumption of guilt of a defendant under these circumstances is to deprive the defendant of property without due process of law. Such a procedure allows a conviction to be entered against a defendant without having afforded the defendant his constitutional right to a trial.

*Id.* at 7.

Article 45.55 is easily distinguished from the statute held unconstitutional in Attorney General Opinion JM-1124. Subsection (a) of the article permits deferral and probation only if the defendant, among other things, "pleads nolo contendere or guilty to the offense in open court with the defendant's parent, guardian, or managing conservator present," Code Crim. Proc. art. 45.55(a)(2), and "presents to the court an oral or written request to attend a teen court program," *id.* art. 45.55(a)(3). Thus the defendant may choose to go to trial; the defendant is not forced to suffer punishment in the form of court costs without a trial, as was the case with the statutes analyzed in Attorney General Opinion JM-1124. Article 45.55 therefore does not deprive the defendant of property without due process of law.

## S U M M A R Y

Nothing in article 45.55 of the Code of Criminal Procedure negates a court's obligation or discretion to impose court costs that are chargeable by other law, except that for offenses committed on or after September 1, 1995, the court is not required to charge any other court costs, but it may do so.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General